# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JEFFREY JOHNIKIN, <br><br> Plaintiff, <br><br> v. <br><br> C&D TECHNOLOGIES, INC. and UNITED STEELWORKERS UNION LOCAL 322, <br><br> Defendants. | Case No.: _____ <br><br><br> Jury Trial Demanded |

## COMPLAINT

NOW COMES Plaintiff Jeffrey Johnikin, by his attorneys, Cade Law Group LLC, as and for his complaint against Defendants, complains and alleges as follows:

1. Plaintiff Jeffrey Johnikin ("JOHNIKIN" or "PLAINTIFF") is an individual residing in the City of Milwaukee, Milwaukee County, and is a citizen and resident of Milwaukee County, Wisconsin.

2. Upon information and belief, Defendant C&D Technologies, Inc. ("C&D") is a foreign corporation organized under the laws of the State of Pennsylvania with its principal place of business at 1400 Union Meeting Road, Blue Bell, Pennsylvania 19422 and is licensed to do business in the State of Wisconsin. The registered agent for C&D is CT Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703.

3. Upon information and belief, Defendant United Steelworkers Union Local 2-322 ("UNION") is an organization organized under the laws of the State of Wisconsin with its principal place of business at 900 E. Keefe Avenue, Milwaukee, WI 53212.

4. Upon information and belief, UNION is a labor organization as the term is defined by the NLRA, 29 USC §152(5), and plaintiff's exclusive bargaining representative

under the NLRA, 29 USC § 159(a).

5. Plaintiff was an employee of Defendant C&D and was a dues-paying member of UNION at all material times alleged in this complaint.

6. Plaintiff brings this action against C&D and UNION for violating the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.* (hereinafter, "ADA").

7. Plaintiff brings this action against C&D and UNION for breaches of collectively bargained agreements pursuant to the Labor Management Relations Act, 29 USC §185 ("LMRA").

8. Plaintiff brings this hybrid § 301 claim under the LMRA against C&D and UNION.

## JURISDICTION

9. This action arises from PLAINTIFF'S employment with C&D, and membership with the UNION.

10. This Court has personal jurisdiction over defendants because the claims arise from the transaction of business, the negotiation of collectively bargained agreements, and other conduct between the parties, all of which occurred in this State.

11. This Court has subject matter jurisdiction pursuant to: 28 USC § 1331 because the claims arise under the laws of the United States; 28 USC § 1337(a) because the claims arise under an Act of Congress regulating commerce; and 29 USC § 185 because the claims concern the violation of contracts and/or contract negotiations between an employer and labor organization.

12. To the extent the claims allege violations of state law, this Court has supplemental jurisdiction over state law claims pursuant to 28 USC § 1367, because

those claims are so related to the claims arising under federal law that they form part of the same case or controversy.

**VENUE**

13. Venue is proper pursuant to 28 USC § 1391 because both C&D and the UNION have principal places of business in this judicial district and all of the events, omissions, or occurrences giving rise to the lawsuit took place in this district.

**FACTS**

14. Negotiations of the most recent master collective bargaining agreement between C&D and the UNION culminated in a labor contract ("LABOR CONTRACT") that was in effect between October 17, 2014 to October 20, 2017. A true and correct copy of the LABOR CONTRACT is attached hereto as **Exhibit 1**.

15. The UNION's membership, of which JOHNIKIN is a member, pays periodic dues, the substantial majority of which are designated to be used in the bargaining process and for implementation and representation of UNION members with respect to the LABOR CONTRACT.

16. PLAINTIFF began his employment with C&D on or about March 6, 2015.

17. As a result of beginning his employment with C&D, PLAINTIFF became a member of the UNION.

18. PLAINTIFF requested a reasonable medical accommodation or about September 21, 2015, which was granted until November 30, 2015.

19. However, PLAINTIFF was discharged from C&D on or about November 20, 2015 as a result of the LABOR CONTRACT and UNION'S failure to protect PLAINTIFF.

20. More specifically, PLAINTIFF received a letter (the "Termination Letter") from C&D, dated November 19, 2015, from Paul Kortman, Manager of C&D's Human

Resources. A true and correct copy of the Termination Letter is attached hereto as **Exhibit 2**.

21. In the Termination Letter, Paul Kortman indicates that PLAINTIFF'S employment was terminated effective November 20, 2015 pursuant to Article 4.11(h) of the LABOR CONTRACT: "Your last day worked was September 20, 2015. The period that you have been on medical leave is a continuous period greater than one-fourth (1/4) of the length of your seniority. Therefore in accordance with the Collective Bargaining Unit Agreement with the USW Local 322, we must notify you that your employment is being terminated effective November 20, 2015."

22. However, Article 11 permits an eligible employee to take up to thirty weeks of leave for Long Term Disability.

23. PLAINTIFF was approved for Long Term Disability.

24. After PLAINTIFF was terminated, he complained to the UNION.

25. Despite being the sole bargaining unit responsible for its members, the UNION failed to take any action to protect PLAINTIFF pursuant to the LABOR CONTRACT.

26. PLAINTIFF filed a timely charge of discrimination against C&D with the EEOC, and was assigned charge number 443-2016-00305.

27. PLAINTIFF filed a timely charge of discrimination against the UNION with the EEOC, and was assigned charge number 443-2016-01043.

28. The EEOC issued a determination on April 11, 2017 that C&D violated the Americans With Disabilities Act of 1990 when C&D ". . . entered into a contractual agreement with the United Steelworkers Local 322 which had the effect of subjecting Charing Party and a class of employees with disabilities to unlawful discrimination by

limiting the amount of leave available to these employees and discharging them rather than allowing additional leave as a reasonable accommodation." A true and correct copy of the EEOC's determination as to C&D is attached hereto and incorporated herein as **Exhibit 3**.

29. The EEOC issued a determination on April 11, 2017 that UNION violated the Americans With Disabilities Act of 1990 when UNION ". . . failed to represent Charging Party and a class of employees with disabilities: Respondent [UNION] entered into a contractual agreement with C&D Technologies which had the effect of subjecting the employees to unlawful discrimination by limiting the amount of leave available to them which contractually allowed C&D Technologies to discharge them rather than allowing additional leave as a reasonable accommodation." A true and correct copy of the EEOC's determination as to UNION is attached hereto and incorporated herein as **Exhibit 4**.

30. The EEOC and UNION entered into a Conciliation Agreement on or about April 5, 2018 in which UNION acknowledged that the LABOR CONTRACT violated the Americans with Disabilities Act and that UNION failed to represent a class of employees, which included PLAINTIFF. A true and correct copy of the Conciliation Agreement is attached hereto and incorporated herein as **Exhibit 5**.

31. The EEOC issued PLAINTIFF a right to sue letter against the UNION dated April 5, 2018. A true and correct copy of the right to sue letter against the UNION is attached hereto as **Exhibit 6**.

32. The EEOC issued PLAINTIFF a right to sue letter against C&D dated May 1, 2018. A true and correct copy of the right to sue letter against C&D is attached hereto as **Exhibit 7**.

## COUNT I
## BREACH OF THE AMERICANS WITH DISABILITIES ACT OF 1990 BY C&D

33. PLAINTIFF is a qualified individual with a disability, as that term is defined by the ADA.

34. C&D intentionally discriminated against PLAINTIFF on the basis of his disability, of which C&D was aware, by failing to reasonably accommodate hid disability in reckless disregard for his federally-protected rights under the ADA.

35. C&D intentionally discriminated against PLAINTIFF on the basis of his disability by terminating PLAINTIFF'S employment in reckless disregard for his federally-protected rights under the ADA.

36. As a result of C&D's intentional discrimination, PLAINTIFF has suffered damages in the form of lost wages and benefits, humiliation, embarrassment, degradation, emotional distress, pain and suffering, and attorneys' fees and costs.

## COUNT II
## VIOLATION OF THE LABOR CONTRACT by C&D

37. PLAINTIFF incorporates the preceding paragraphs by reference.

38. C&D was required, pursuant to the LABOR CONTRACT, to follow all state and federal laws.

39. PLAINTIFF, as an employee, had an interest in C&D following and applying the terms and conditions of the LABOR CONTRACT.

40. C&D breached the LABOR CONTRACT by terminating PLAINTIFF'S employment, in violation of the ADA.

41. C&D's breach of the LABOR CONTRACT is in violation in violation of 29 USC § 185.

42. As a result of C&D's breach of the LABOR CONTRACT, PLAINTIFF is

harmed in an amount to be determined at trial.

## COUNT III
### BREACH OF THE DUTY OF FAIR REPRESENTATION UNDER THE LABOR MANAGEMENT RELATIONS ACT OF 1947

43. PLAINTIFF incorporates the preceding paragraphs by reference.

44. The UNION owed PLAINTIFF an obligation to bargain with C&D in good faith, and owed PLAINTIFF a duty to fairly and adequately represent him. 29 USC § 159(a).

45. The UNION gave authority to its designated agent to fairly represent its members who were employees of C&D.

46. The UNION had an obligation to serve the interests of all members without favoritism to the company, and/or without favoritism or hostility to any members, to exercise its representational discretion with complete good faith and honesty, and to avoid arbitrary conduct.

47. The UNION breached its duty to its membership, by acting with favoritism and hostility to certain members at the expense of other members of the UNION.

48. The UNION's representation of its membership was arbitrary, perfunctory, or inexcusably neglectful.

49. UNION, in entering into the Conciliation Agreement, admitted that it breached the duties owed to PLAINTIFF and other C&D employees.

50. UNION breached the duties owed to PLAINTIFF.

51. The UNION'S breach of the LABOR CONTRACT is in violation in violation of 29 USC § 185.

52. By its involvement with C&D in violation of the Americans With Disabilities Act of 1990, the UNION, through its designated agents, lacked a rational basis for

decision-making within the bargaining process, and engaged in egregious unfairness or reckless disregard for its members' rights, including PLAINTIFF.

53. As a result of the UNION's breach of its duty of fair representation, PLAINTIFF was harmed in an amount to be determined at trial.

## COUNT IV
## BREACH OF THE AMERICANS WITH DISABILITIES ACT OF 1990 BY UNION

54. UNION intentionally discriminated against PLAINTIFF on the basis of his disability, of which UNION was aware, by failing to reasonably accommodate his disability in reckless disregard for his federally-protected rights under the ADA and by failing to protect PLAINTIFF pursuant to the LABOR CONTRACT.

55. UNION intentionally discriminated against PLAINTIFF on the basis of his disability by allowing C&D to terminate PLAINTIFF'S employment in reckless disregard for his federally-protected rights under the ADA.

56. As a result of UNION'S intentional discrimination, PLAINTIFF has suffered damages in the form of lost wages and benefits, humiliation, embarrassment, degradation, emotional distress, pain and suffering, and attorneys' fees and costs.

WHEREFORE, PLAINITFF respectfully requests that a money judgment be entered against defendants, jointly and severally, or by statutory apportionment, for an amount to be determined by a jury to compensate him for their damages and specifically request the following:

A. That this Court award damages in an amount to be determined by a jury, including reimbursement of the value of all dues paid during the period of PLAINTIFF'S UNION membership;

B. That this Court grant any injunctive relief it determines is necessary to protect the claims of PLAINTIFF;

C. That this Court award PLAINTIFF damages it or a jury determines are reasonable and appropriate as damages, including appropriate back pay, front pay and/or reinstatement, compensatory damages, punitive damages, pre-judgment and post-judgment interest, reimbursement for other benefits and expenses.

D. That this Court award reasonable attorneys' fees, costs and expenses, and expert witness fees; and

E. That this Court award whatever additional relief that may be available in law and equity.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury as to all issues.

Dated this 24th day of June, 2018.

**CADE LAW GROUP LLC**

By: s/Nathaniel Cade, Jr.
    Nathaniel Cade, Jr.
    P.O. Box 170887
    Milwaukee, WI 53217
    (414) 255-3802 (phone)
    (414) 255-3804 (fax)
    nate@cade-law.com

Attorneys for Plaintiff, Jeffrey Johnikin